IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN WILLIAMS and MEGAN WILLIAMS | : |
| | : |
| v. | : |
| | :  NO. |
| | : |
| SPEEDWAY, LLC d/b/a SPEEDWAY #06768 | : |

**<u>NOTICE OF REMOVAL</u>**

TO THE HONORABLE JUDGES OF THE SAID DISTRICT COURT OF THE UNITED STATES:

The Defendant, Speedway LLC (herein: "Speedway") (incorrectly identified as Speedway, LLC d/b/a Speedway #06768), respectfully represents:

1. This Civil Action was commenced in the Court of Common Pleas of Lebanon County, Pennsylvania, wherein Kevin Williams and Megan Williams are the plaintiffs and Speedway LLC (incorrectly identified as Speedway, LLC d/b/a Speedway #06768) was named as the defendant. The action is captioned Court of Common Pleas, Lebanon County, Docket No. 2022-01102. Plaintiff commenced this action by a Civil Action Complaint on August 31, 2022. (A copy of plaintiffs' Civil Action Complaint is incorporated herein by reference and attached hereto as **Exhibit "A."**)

2. Plaintiffs, Kevin Williams and Megan Williams, are adult individuals residing at 128 Hoke Avenue, Lebanon, Lebanon County, Pennsylvania, 17042. *Id.* at ¶ 1.

3. In the caption of their Complaint, plaintiffs named Speedway LLC, albeit incorrectly as Speedway, LLC d/b/a Speedway #06768, as a defendant. *Id.* at ¶ 2.

4. The Defendant, Speedway, is a citizen of the States of Delaware and Ohio, by virtue of being a limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business in the State of Ohio. The Defendant's sole member is SEI

Speedway Holdings, LLC, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Texas.  SEI Speedway Holdings, LLC is wholly owned by 7-Eleven, Inc., a Texas corporation, with its principal place of business in Texas.

5.     The plaintiffs are citizens and residents of the Commonwealth of Pennsylvania.  *Id*. at ¶ 1.

6.     Since the Defendant and the plaintiffs are citizens of different states, they are deemed diverse with respect to the instant Petition and the prerequisites of under 28 U.S.C. 1332(a) and (c).

7.     Plaintiffs allege in their Complaint that on July 21, 2021, that Kevin Williams fell at a Speedway convenience store located at 302 East Evergreen Road, Lebanon County, Pennsylvania 17042, which plaintiffs claim was owned and operated by the defendant, Speedway.  *Id*. at ¶¶ 3 and 9.

8.     Defendant, Speedway, admits that on July 21, 2021, it owned the property on which the convenience store is located at 302 East Evergreen Road, Lebanon County, Pennsylvania 17042, and further admits it operated the subject convenience store on July 21, 2021.

9.     In their Complaint, plaintiffs alleged Mr. Williams suffered the below injuries, all of which impact and contribute to the total amount in controversy:

      a.     Avulsion fracture of the left talus;

      b.     Avulsion fracture of the left distal end of the left fibula;

      c.     Left talus dome fracture and left syndesmotic injury;

      d.     Left ATFL and CFL tear;

      e.     The need to undergo a left ankle arthroscopic debridement and talus fracture excision with talus OCD micro fracture and left lateral ankle ligament primary repair;

       f.       Inability to bear weight on his left leg, ankle, and foot;

       g.      Pain in the left leg, ankle, and foot, which is exacerbated with activity;

       h.      Stiffness;

       i.       The need for corticosteroid injection(s); and

       j.      Post-traumatic arthritis.

*Id*. at ¶ 20.

10. Plaintiff, Megan Williams, has asserted a claim derivative of her husband for loss of consortium, as she has been deprived of the comfort, companionship, services and society of her husband. Id. at ¶¶ 28-29.

11. In light of the foregoing allegations, if plaintiffs are able to establish the defendant is liable for their damages, it appears that plaintiffs' damages may exceed the statutory threshold of $75,000.

12. A Notice of Removal may assert the amount in controversy if the initial pleading seeks "a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded" and the district court finds that the amount in controversy is more likely than not above $75,000. *See* 28 U.S.C. §1446(c)(2)(A)-(B); *see also Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), abrogated on other grounds, *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

13. Generally, determining whether a claim exceeds the statutory threshold requires looking at the Complaint itself. *Ochman v. Wyo. Seminary*, 2012 U.S. Dist. LEXIS 69770, *7 (M.D. Pa. May 18, 2012) (citing *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). *See also Golden v. Golden*, 382 F.3d 348, 354 (3d Cir. 2004) (indicating that the amount in controversy "need not be proven; rather the amount is judged from the face of the complaint and is generally established by good faith allegation.")

14.     Based on the averments contained in plaintiffs' Complaint it cannot be shown to a legal certainty that the jurisdictional amount cannot be recovered; thus, diversity jurisdiction exists.

15.      In *Frederico v. Home Depot*, 507 F.3d 188, 195-197 (3rd Cir. 2007), the Complaint was filed in state court and removed to federal court.  In the Complaint, plaintiff did not state an exact sum sought.  *Id.* at 197.  The Third Circuit explained that where the plaintiff limits her claim to avoid federal jurisdiction, "the party wishing to establish subject jurisdiction has the burden to prove to a legal certainty that the amount in controversy exceeds the statutory threshold."  *Id.* at 195. However, where the complaint does not specifically aver that the amount in controversy is less than the jurisdictional minimum, "the challenger to subject matter jurisdiction had to prove to a legal certainty, that the amount in controversy could not exceed the statutory threshold."  *Id.* at *195 – 198.  (Emphasis in original).  *See also, Denicola v. Progressive Direct Insurance Company*, 2009 WL 1684640 (M.D. Pa) (Denying motion for remand, stating that where the complaint does not limit the amount in controversy below the jurisdictional threshold, the case may only be remanded if it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000).

16.     Defendant, Speedway, was served with plaintiffs' Complaint on September 16, 2022. Thus, Removal is timely.

17.     In accordance with 28 U.S.C. § 1446(a), the defendant has attached a copy of the Complaint filed in this action.

18.     The prerequisites for removal under 28 U.S.C. 1332(a), notably the diversity of citizenship and amount in controversy, have been met.  If any questions arise as to the propriety of the removal of this action, Speedway respectfully requests the opportunity to present briefing, argument, and further evidence necessary to support its position that this case is removable.

19.     After filing this Notice of Removal, the defendant will file a copy with the Clerk of the Court of Common Pleas, Lebanon County, Pennsylvania, and will provide the Notice of Removal to the Adverse Party, as provided by 28 U.S.C. § 1446(d)

20.     In removing this action, Speedway specifically reserves all of its defenses including, without limitation, all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

**RICCI TYRRELL JOHNSON & GREY**

By:     *Michael T. Droogan, Jr*
MICHAEL T. DROOGAN, JR., ESQ.
NICHOLAS E. SULPIZIO, ESQ.
Attorneys for Defendant,
Speedway LLC (incorrectly identified
as Speedway d/b/a Speedway #06768)

Date:   October 14, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN WILLIAMS and MEGAN WILLIAMS         :
                                          :
    v.                                    :
                                          :   NO.
                                          :
SPEEDWAY, LLC d/b/a SPEEDWAY #06768       :

## CERTIFICATE OF SERVICE

I, Michael T. Droogan, Jr., Esquire, do hereby certify that a true and correct copy of Defendant's Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441 was served via e-mail, on October 14, 2022, upon the following:

Michael S. Bechtold, Esquire
**BUZGON DAVIS LAW OFFICES**
525 South Eighth Street
P.O. Box 49
Lebanon, PA  17042


**RICCI TYRRELL JOHNSON & GREY**


By:     *Michael T. Droogan, Jr*
        MICHAEL T. DROOGAN, JR., ESQ.
        NICHOLAS E. SULPIZIO, ESQ.
        Attorneys for Defendant,
        Speedway LLC (incorrectly identified
        as Speedway d/b/a Speedway #06768)